IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09-CR-679 HEA(DDN) |
| ) | |
| ELAIN KAY YOUNG, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SEVER TRIAL AND MEMORANDUM IN SUPPORT

COMES NOW Defendant ELAIN KAY YOUNG, by and through her attorneys of record Andrea L. Smith and Jennifer Herndon, and moves this Court pursuant to Rule 14 of the Federal Rules of Criminal Procedure for an order granting a separate trial for Ms. Young from her co-defendant Katherine A. Mock, and in support of this motion states the following:

## FACTUAL BACKGROUND

Ms. Young and Ms. Mock are charged in two counts with conspiracy to commit murder-for-hire and murder-for-hire resulting in the death of Ms. Young's husband Melvin Griesbauer in violation of 18 U.S.C. § 1958. Ms. Mock made a recorded statement on February 15, 2008 to the authorities during which, among other things, Ms. Mock stated that she discussed with Ms. Young about hiring someone to kill Mr. Griesbauer, that after this discussion she asked her son

1

Thomas Ponder if he knew anyone who could kill Mr. Griesbauer for $10,000, that at Ms. Young's request she bought the three-hole ski mask that was found at the murder scene, and that Ms. Young told Ms. Mock that she Ms. Young was going to kill her husband the evening he was shot.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Supreme Court has said that multi-defendant joint trials are "preferred" in federal cases because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537-38 (1993).

Of course, a major exception to this rule is set out in *Bruton v. United States*, 391 U.S. 123 (1968). The Supreme Court therein recognized that in a joint trial one co-defendant has no way of compelling testimony or cross-examining a confessing co-defendant's out-of-court statement. Such a circumstance violates the non-confessing defendant's Confrontation Clause of the Sixth Amendment right to cross-examine the witnesses against him or her if that confession includes incriminating statements against him or her and the government seeks to introduce that out-of-court confession at the joint trial. This constitutional violation cannot be cured by a mere jury instruction to disregard the confession of that latter defendant. *Id*. at 137.

Ms. Mock's alleged confession clearly implicates Ms. Young in wrongdoing and that implication "appears on the face of the statement itself." *Richardson v. Marsh,* 481 U.S. 200, 208 (1987).

A *Bruton* problem can sometimes, but not always, be cured by a redaction of the confession. *See Gray v. Maryland*, 523 U.S. 185 (1998); *Richardson v. Marsh*, *supra*. But that would serve no effect in the case at bar given that only Ms. Young and Ms. Mock are charged in this conspiracy of murder-for-hire and the jury could only conclude that any of the statements by Ms. Mock noted above could only mean Ms. Young's alleged involvement in the murder. *See United States v. Davis*, 534 F.3d 903, 915 (8th Cir. 2008) (*quoting United States v. Jones*, 101 F.3d 1263, 1270 n.5 (8th Cir. 1996)).

Because *Bruton* rests on the lack opportunity to confront and cross-examine a co-defendant who has confessed, the introduction of the statement is permissible in a joint trial if the co-defendant takes the stand and is subject to cross-examination. *See e.g., Crawford v. Washington,* 541 U.S. 36, 59 (2004). But the decision by a defendant to testify is often not made until the middle or even the end of trial, and in Ms. Mock's case this would no doubt be the case.

Thus, the *Bruton* Rule forbids the use of Ms. Mock's confession implicating Ms. Young at a joint trial. Unless the government indicates that it will not introduce Ms. Mock's alleged confession, their trials must be severed.

WHEREFORE Defendant Elain Kay Young respectfully requests that this Court order, absent a government assertion that it will not be using Ms. Mock's confession at trial, that Ms. Young and Ms. Mock's trials be severed.

                        Respectfully submitted,

| | |
|---|---|
| /s/ Jennifer Herndon | /s/ Andrea L. Smith |
| JENNIFER HERNDON  #77205 | ANDREA L. SMITH    # 37297 |
| 224 N. Hwy 67, #122 | 715 West Rosehill Ave. |
| Florissant, Missouri  63031 | Kirkwood, Missouri 63122 |
| Telephone: (314) 831-5531 | Telephone:  (314) 822-2735 |
| jenifer@ix.netcom.com | andreasmithesq@sbcglobal.net |

                      ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorneys Michael A. Reilly and Thomas E. Dittmeier.

                                      /s/ Andrea L. Smith
                                      ANDREA L. SMITH #37297