UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:09CR679 HEA |
| | ) | |
| ELAIN K. YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This case is before the Court on defendant's *pro se* Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), [Doc. No. 475] and the addendum thereto filed by counsel, [Doc. No. 483]. The government opposes the Motions. For the reasons set forth below, the Motion is denied.

### Facts and Background

The conduct upon which defendant's convictions is based is summarized in the government's Response. The procedural background is set forth below.

On October 22, 2009, a federal grand jury returned an indictment against Defendant and Katherine Mock charging them with conspiracy to commit murder-for-hire (Count I) and murder-for-hire (Count II), both in violation of 18 U.S.C. § 1958.

Defendant proceeded to trial with Mock on March 12, 2012. On March 19, 2012, the jury returned a guilty verdict against both defendants on both counts.

2

The Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR concluded that Defendant's Total Offense Level was 43. This, coupled with a Criminal History Category I, resulted in an advisory guideline range of life. PSR ¶ 73. The statutory mandatory sentence on Counts I and II under 18 U.S.C. § 1958 is life. *See* 18 U.S.C. § 1958. Defendant was sentenced on June 18, 2012 to a term of imprisonment of life on both counts, to be served concurrently. The Court also ordered a five-year term of supervised release. Defendant is currently serving her sentence at Waseca FCI in Minnesota.

The PSR noted that Defendant suffered from a variety of medical conditions.

Defendant's motion requests that the Court modify her life sentence to release her immediately to home confinement and a period of supervised release. Alternatively, she seeks an immediate transfer to home confinement.

Defendant moves far a compassionate release arguing that she has a compromised immune system and is particularly vulnerable to COVID-19. Defendant alleges that, at age 65, she suffers from the following medical conditions that make her more likely to have severe complications or death: fourth stage renal disease; a right kidney that has completely ceased to function; a left kidney that is damaged and in need of transplant; high blood pressure (with a prior stroke); PTSD; diabetes (which at one time resulted in insulin dependency); neck and back injuries; a fractured foot and torn ligaments; broken teeth; glaucoma and a need for new glasses; a history of heavy smoking; and hypothyroidism.

3

On April 3, 2020, Young filed a "Request to Staff" expressing her concerns about COVID-19 risk factors in relation to her physical condition. On April 6, 2020, Defendant sent her request to the BOP for early release.  The BOP has not responded to the motion within 30 days.  Accordingly, Defendant has exhausted her administrative remedies and is properly before the Court. 18 U.S.C. § 3582(c)(1)(A).

The CDC has identified hypertension, chronic kidney disease, and diabetes as conditions which increase a person's risk of severe illness from COVID-19 infection. *COVID-19: People with Certain Medical Conditions*, CENTER FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 11, 2021).

### Discussion

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

4

In evaluating defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline § 1B1.13, which governs compassionate-release reductions, provides some specific examples, including:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

5

(C) Family Circumstances.—

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In support of her request, defendant cites the COVID-19 pandemic, conditions within the BOP, and her medical conditions, particularly high blood pressure; renal failure; kidney issues, stating she is in need of a transplant; diabetes; PTSD;  neck and back injuries; a fractured foot and torn ligaments; broken teeth; glaucoma and a need for new glasses; a history of heavy smoking; and hypothyroidism. She also cites her good behavior while in the BOP, having no incident reports, her activities and use of her education and background to assist other inmates and her home plan.

The Court does not find that defendant has met her burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. There is no evidence before the Court that Defendant is not receiving proper medical treatment for her chronic conditions.  Indeed, the medical records before the Court do not indicate the severity claimed by Defendant regarding some of her problems. Although Defendant claims to be in frail and declining health, she appears to be able to participate in programs and assist in programs for other inmates.

6

Defendant's good behavior and efforts to better herself during her incarceration are commendable, but do not constitute extraordinary and compelling circumstances warranting her release. *See* U.S.S.G. § 1B1.13, application note 3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.).

Finally, "[i]n determining whether to grant a motion to modify a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Gileno*, 448 F. Supp. 3d. 183, 185 (D. Conn. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A) (directing courts to consider these factors for every request for early release). Here, Defendant committed murder for hire; she murdered her husband for her own financial gain crime. A most egregious, vile, despicable  crime by any standards. To release Defendant from a life sentence would undermine the seriousness of her crime and fail to provide just punishment or adequate deterrence to criminal conduct.

Moreover, merely saying one is no longer a danger to the public does not make it so.  The evidence in the record establishes Defendant previously anticipated crimes for financial gain. She murdered her husband in order to save her farm. Nothing in this  record establishes Defendant would not be a danger to the public if she were to be released.

For the foregoing reasons, this Court finds that defendant has not met her burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence reduction.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Compassionate Release

[Doc. No. 475] is denied.

Dated this 20th day of January, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE